IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CASSANDRA LOFLEY,
Plaintiff,

CASE NO. 12 018003
DIV:

v.

DIVISION K

SWIFT TRANSPORTATION COMPANY
OF ARIZONA, LLC and AYHAN APAYDIN,
Defendants
_____/

RECEIVED
NOV 16 2012
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT

COME NOW Plaintiff, CASSANDRA LOFLEY, by and through her undersigned attorney, and sues Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC [hereinafter Swift] and AYHAN APAYDIN [hereinafter Apaydin] jointly and severally, alleging:

1. Plaintiff makes claim for compensatory damage in an amount in excess of $15,000, exclusive of cost.

2. At all time material, Plaintiff is a resident of Hillsborough County, Florida.

3. At all time material, Defendant Apaydin a permanent resident of Laredo, Texas and subject to the jurisdiction of this court by virtue of Fla. Stat. ch. 48.193(1)(b) was an agent or employee of Defendant Swift, driving a commercial truck with the knowledge and consent of the owner, Defendant Swift. At all time material Defendant Apaydin is acting within the scope and course of said Defendant's employment with Defendant Swift.

4. At all time material, Defendant Swift is a for-profit, foreign (Delaware) Corporation with a principal address in Phoenix, Arizona is licensed to conduct business in the State of Florida.

5. On or about March 14, 2011 (7:30 am) Plaintiff was a seat belted driver of a motor vehicle, northbound on County Road (CR) 579 at the intersection with the entrance/exit ramp of Interstate Highway 4 (I-4) in Hillsborough County, Florida.

6. At the above time and place, Defendant Apaydin, negligently operated a 2009 International, single unit, two axle truck with a 54' trailer, owned and/or under the control of Defendant Swift, in such a careless and negligent manner as to cause a collision with the vehicle operated by Plaintiff herein.

7. At all time material said tractor-trailer truck, was operated for the use and benefit of Defendant Swift, in the course and scope of said Defendant's business within the State of Florida. At the time of collision, said tractor-trailer truck weighed in excess of 36,000 pounds.

8. Traffic flow at the intersection of CR 579 and the entrance/exit ramp of I-4 is controlled by a standard red/yellow/green traffic signal. At all time material Plaintiff Lofley entered said intersection (northbound) under the green light. Plaintiff's speed as she approached said intersection was between 20 & 25 mph.

9. At the above time and place, Defendant Apaydin, operating said tractor trailer truck (southbound), suddenly and unexpectedly turned left, in front of Plaintiff's vehicle resulting in said collision.

10. As a proximate result of said collision, Plaintiff Lofley was injured and/or suffered an aggravation of a preexisting condition in and about her head, neck, body and extremities and by reason of said injury and/or re-injury suffered damage, to wit: pain, suffering, mental anguish, disability and loss for the ability of the enjoyment of life, in the past and for the rest of her life.

11. As a proximate result of said collision, Plaintiff Lofley required medical, surgical and hospital treatment in the past, and will require medical treatment in the future. Plaintiff makes claim for all, past and future unreimbursed medical expense.

12. On April 23, 2012, Plaintiff Lofley underwent spine surgery (Orthopedic Surgeon, Robert Nucci MD) to relieve anterior cervical compression of the spinal nerve root at $C_{5-6}$. After the removal of said herniated disk material, prosthesis was implanted between the $C_5$ & $C_6$ vertebrae. Said vertebrae were then permanently fused by fixing a metal plate to Plaintiff's spine with metal screws.

13. In the medical opinion of Plaintiff's Orthopedic Surgeon, the above referenced collision was the proximate cause of the disk $C_{5-6}$ herniation and the subsequent decompression and fusion of Plaintiff Lofley's neck.

14. In the medical opinion of Plaintiff's treating physicians, Plaintiff Lofley sustained a permanent injury, a permanent disability and/or a permanent loss of important body function as a result of injury suffered in the above referenced collision.

15. As a proximate result of Plaintiff's permanent injury and disability, Plaintiff suffered a loss of income in the past and her ability to earn money in the future has been damaged and depreciated. Plaintiff Lofley makes claim for all past unreimbursed lost income. Plaintiff lofley makes claim for diminished capacity to earn money in the future.

16. As a proximate result of the collision aforesaid, Plaintiff has incurred (un-paid) medical, surgical and hospital expense in excess of $111,990.64 dollars for which Plaintiff herein makes claim.

Wherefore, Plaintiff Cassandra Lofley sues Defendant Swift Transportation Company of Arizona, LLC and Defendant Ayhan Apaydin, jointly and severally and demands entry of money judgment against both Defendants in an amount in excess of $15,000, exclusive of cost. Plaintiff requests a jury trial on all disputed issues of fact.

Respectfully submitted,

_____
Dorothy Towne, Esquire
FBN: 0585221
238 E. Davis Blvd.,
Suite 209
Tampa, Florida 33606
(813) 254-1960 (o)
(813) 374-2448 (f)
dtowne@tampabay.rr.com
Attorney for Plaintiff